## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| VS. | : | Docket No. |
| SCOTT A. FEDEROWICZ and KATHRYN S. FEDEROWICZ, | : | |
| | : | |
| Defendants. | | February 3, 2014 |

## **COMPLAINT FOR FRAUDULENT TRANSFER**

The United States of America, by and through the United States Attorney for the District of Connecticut, complains of the Defendants, and says:

1. This is a civil action in which the United States is seeking to enforce payment of restitution imposed in an underlying criminal case styled *United States v. Scott A. Federowicz*, docket number 3:06CR222 (RNC). The Government has information and believes that Defendant Scott A. Federowicz fraudulently transferred certain real property and funds to Defendant Kathryn S. Federowicz.

2. This is a fraudulent transfer action pursuant to 28 U.S.C. §3301, *et seq.*

3. The Defendants are residents of Plainville, Connecticut. Jurisdiction for this enforcement action remains in the District of Connecticut pursuant to 18 U.S.C. §§ 3231 and 3613(a), and 28 U.S.C. §§ 1345 and 3004(b).

4. Beginning in November, 2002 and continuing through December, 2003, Scott Federowicz engaged in criminal activity to which he subsequently entered a plea of guilty. *See* PACER Nos. 1, 5.

## Fern Hill, Bristol, Connecticut

5. On or about July 11, 2003, Defendants Scott and Kathryn Federowicz purchased real property located at Lot 71, Fern Hill Road, Bristol, Connecticut.

6. On or about December 12, 2003, Defendant Scott Federowicz transferred his title and interest in the Fern Hill real property to Defendant Kathryn Federowicz by quitclaim deed for no consideration. (Exhibit A).

7. At the time Defendant Scott Federowicz transferred his title and interest in the Fern Hill real property to Defendant Kathryn Federowicz, he knew or should have known that he was the target of a criminal investigation and prosecution, with the potential for the imposition of restitution to his victims.

8. When Defendant Kathryn Federowicz obtained sole title and interest to the Fern Hill property on December 12, 2003, Defendant Scott Federowicz did not receive reasonably equivalent value in exchange for the transfer of his title and interest in the subject property.

9. Defendant Scott Federowicz' ownership interest in the subject property constituted a substantial asset belonging to him.

10. On or about May 3, 2007, a criminal judgment was entered by this Court in case number 3:06CR222 (RNC) imposing upon Defendant Scott Federowicz, *inter alia,* a special assessment in the amount of $200.00. PACER No. 42.

11. On or about January 15, 2008, a Restitution Order was entered by the Court, imposing restitution against Scott Federowicz in the amount of $624,106.00 individually, plus $452,203.00 jointly and severally.  PACER No. 46.

12. Pursuant to 18 U.S.C. § 3613(c), a statutory lien was created in favor of the United States upon the imposition of the criminal monetary judgment against all property and rights to property belonging to Defendant Scott Federowicz.

19 Dickman Road, Plainville, Connecticut

13. Defendant Scott Federowicz was an heir of his father, Richard J. Federowicz, who died on December 5, 2011.  Prior to his death, Richard J. Federowicz was the owner of 19 Dickman Road.

14. Defendant Scott Federowicz became the Executor of his father's estate and Defendant Scott Federowicz, together with the Defendant's brothers, Derek and Brett Federowicz, each obtained an interest in 19 Dickman Road.

15. On or about July 5, 2012, complete title and interest in 19 Dickman Road, including Defendant Scott Federowicz' interest, was transferred to Defendant Kathryn Federowicz by executor's deed in consideration of $201,000.00.  (Exhibit B).

16. Defendant Kathryn Federowicz' purchase of 19 Dickman Road was financed by a mortgage from McCue Mortgage Company.

17. Defendant Kathryn Federowicz qualified for financing from McCue Mortgage Company based in part upon her net worth at the time.  The bulk of her assets, $40,200.00 consisted of a transfer of funds from Defendant Scott Federowicz.

18. At the time Defendant Scott Federowicz transferred $40,200.00 and his interest in 19 Dickman Road to Defendant Kathryn Federowicz, he knew or should have known that he was

the target of a criminal investigation and prosecution, with the potential for the imposition of restitution to his victims.

19. When Defendant Kathryn Federowicz received $40,200.00 from Defendant Scott Federowicz, together with his interest in 19 Dickman Road, Defendant Scott Federowicz did not receive reasonably equivalent value in exchange for said transfers.

20. Defendant Scott Federowicz' ownership of $40,200.00 and his interest in the subject property constituted substantial assets belonging to him.

21. At the time Defendant Scott Federowicz transferred his interest in $40,200.00 and 19 Dickman Road to Defendant Kathryn Federowicz, a criminal judgment and substantial restitution order had been imposed by this Court in case number 3:06CR222 (RNC). PACER Nos. 42, 46.

22. Pursuant to 18 U.S.C. § 3613(c), a statutory lien was created in favor of the United States upon the imposition of the criminal monetary judgment against all property and rights to property belonging to Defendant Scott Federowicz.

WHEREFORE, the plaintiff, United States of America, demands:

1. That the transfer of Defendant Scott Federowicz' interest in the Fern Hill property to Kathryn Federowicz be adjudged fraudulent and void to the extent necessary to satisfy the criminal judgment entered in *United States v. Scott Federowicz*, docket number 3:06CR222 (RNC).

2. That the United States be awarded a judgment against Defendant Kathryn Federowicz for the value of Defendant Scott Federowicz' interest in the Fern Hill and 19 Dickman Road properties, together with a monetary judgment of $40,200.00 for the transfer of

funds from Defendant Scott Federowicz, plus costs, fees and surcharge pursuant to 28 U.S.C. § 3011; with interest on the amount of the judgment at the legal rate pursuant to 28 U.S.C. § 1961.

3. Such other relief that this Court deems appropriate.

Dated this Third day of February, 2014 at New Haven, Connecticut.

Respectfully submitted,

Deirdre M. Daly
United States Attorney

/s/

Christine Sciarrino
Assistant United States Attorney
157 Church Street -25th Floor
New Haven, Connecticut   06510
Tel. (203) 821-3780/Fax (203) 773-5315
Email: Christine.Sciarrino@usdoj.gov
Federal No. CT3393