```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :
     Plaintiff,                :
                               :
V.                             :    CASE NO. 3:14-cv-140(RNC)
                               :
SCOTT A. FEDEROWICZ AND        :
KATHRYN S. FEDEROWICZ,         :
                               :
     Defendants.               :
```

RULING AND ORDER

The United States brings this action pursuant to the Federal Debt Collections Procedures Act (FDCPA), 28 U.S.C. § 3301, et seq., to enforce payment of restitution owed by defendant Scott Federowicz.  The United States alleges that he fraudulently transferred certain real property and funds to his wife, defendant Kathryn Federowicz.  The United States has moved for summary judgment.  The defendants have not opposed the motion.  For the reasons that follow, the motion is granted in part and denied in part.

I. Background

The facts set forth in the Government's Rule 56.1 statement are deemed admitted in the absence of opposition.  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 2011 (2d Cir. 2011). The Rule 56.1 statement recites the following facts:

1. Beginning in November, 2002 and continuing through December, 2003, Scott Federowicz engaged in criminal activity to which he subsequently entered a plea of guilty.

2. On or about July 11, 2003, during the commission of the criminal offense, Scott and Kathryn Federowicz purchased

       real property located at Lot 71, Fern Hill Road, Bristol, Connecticut.

3. On or about December 12, 2003, as the criminal offense was winding down, Scott transferred his title and interest in the Fern Hill real property to his wife Kathryn by quitclaim deed for no consideration.

4. On or about May 3, 2007, a criminal judgment was entered by this Court in case number 3:06CR222 (RNC) imposing on Scott Federowicz a special assessment in the amount of $200.00.

5. On or about January 15, 2008, a Restitution Order was entered by the Court, imposing restitution against Scott Federowicz in the amount of $624,106 individually, plus $452,203 jointly and severally.

6. Pursuant to 18 U.S.C. § 3613(c), a statutory lien was created in favor of the United States upon the imposition of the criminal monetary judgment against all property and rights to property belonging to Scott Federowicz.

7. Scott Federowicz was an heir of his father, Richard J. Federowicz, who died on December 5, 2011.  Prior to his death, Richard J. Federowicz was the owner of 19 Dickman Road, Plainville, Connecticut.

8. Scott Federowicz became the Executor of his father's estate and he, together with his brothers, Derek and Brett Federowicz, each obtained an interest in the property at 19 Dickman Road.

9. On April 13, 2012, Scott Federowicz transferred $12,000 to his wife Kathryn for improvements to the property located at 19 Dickman Road.

10. On or about July 5, 2012, complete title and interest in the property at 19 Dickman Road, including Scott Federowicz's interest, was transferred to Kathryn Federowicz by executor's deed in consideration of $201,000.

11. Kathryn Federowicz's purchase of the property at 19 Dickman Road was financed by a mortgage from McCue Mortgage Company.

12. Kathryn Federowicz applied for financing from McCue Mortgage Company based in part upon her net worth at the time, which was $43,160.  The bulk of her net worth, $40,200, consisted of a transfer of funds from Scott Federowicz and represented his personal proceeds from the estate of his father.  These

       funds were also used as an escrow deposit for the mortgage with McCue.

13. The closing statement as to the sale of the property at 19 Dickman Road does not show that any of the sale proceeds were disbursed to Scott Federowicz, and his name did not appear on the title.

14. At the time Scott Federowicz transferred the $12,000 and $40,200 amounts as well as his interest in 19 Dickman Road to Kathryn Federowicz, a criminal judgment and substantial restitution order had been imposed by this Court in case number 3:06CR222 (RNC), and the United States had a valid lien on the subject funds and property.

The following additional facts are deemed established as a result of proceedings in the underlying criminal case, <u>United States v. Federowicz</u>, 3:06CR222(RNC) (D. Conn.), in which Mr. Federowicz pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. Between December 2002 and February 2003, Mr. Federowicz and two others schemed to defraud the Federal Communications Commission ("FCC") and the Universal Services Administrative Company ("USAC") through submission of fraudulent invoices to his employer, American Networks International ("ANI"), resulting in a loss to USAC of $452,203. Of this amount, Mr. Federowicz's co-schemers gave him $16,917. In addition, between November 2002 and October 2003, Mr. Federowicz defrauded ANI by arranging for it to pay for laptops, which he sold directly or through others, causing a loss to ANI of $624,106. The record does not establish how much of this amount Mr. Federowicz kept for himself. The Federal Bureau of Investigation ("FBI") began an investigation of both frauds in early 2004. Mr. Federowicz was interviewed by

agents on May 13, 2004, at which time he admitted his involvement.

## II. Standard of Review

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In assessing the evidence, the court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences and disregard evidence favorable to the movant that a jury would not have to believe.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact for trial.  Shannon v. N.Y.C. Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).

## III. Discussion

The Government contends that the transfers of monies and the Fern Hill and Dickman Road properties from Scott Federowicz to his wife Kathryn were constructive fraudulent transfers, or in the alternative, intentional fraudulent transfers, in violation

4

of the FDCPA.  For reasons discussed below, the Government has demonstrated that it is entitled to judgment as a matter of law with regard to all the transfers except the transfer of the Fern Hill property.

    A. <u>Constructive Fraud Under § 3304(b)(1)(B)</u>

    To prove constructive fraud, the Government must establish that "the debtor mad[e] the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer" and that the debtor "intended to incur, or believed, or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."  28 U.S.C. § 3304(b)(1)(B).

    *1. Fern Hill Property*

    The record establishes that Scott Federowicz and his wife Kathryn purchased the Fern Hill property in July 2003 as joint tenants, and Scott transferred his title and interest in the property to his wife by quitclaim deed in December 2003 for no consideration.  The issue with regard to this transfer is whether Mr. Federowicz believed, or should have believed, that he would owe restitution as a result of his crimes.

    The Government argues that Mr. Federowicz should have known he was the target of a criminal investigation and prosecution in December 2003.  But the Rule 56.1 statement does not make that assertion and no evidence is offered to support it other than the admitted fact that the transfer coincided with the winding down

of the fraudulent scheme involving the computers. Though that fact is entitled to weight, it does not support a finding that the defendant should have known he was a target. As mentioned, the transfer occurred before the FBI began to investigate and approximately five months before the defendant was interviewed by agents. On the existing record, the Court cannot conclude that the Government has demonstrated that it is entitled to judgment with regard to this transfer.

    2. *Dickman Road Property & Monies*

The admitted facts establish that the other transfers at issue - i.e. the transfer of Mr. Federowicz's interest in the Dickman Road property to his wife, and the transfer of monies to her (%12,000 and %40,200) - were fraudulent. Mr. Federowicz did not receive anything as a result of the transfers. Though his wife paid $210,000 for the Dickman Road property, the closing statement does not show that any of the sale proceeds were disbursed to him and his name does not appear on the title. Moreover, the transfers were made at a time when he had been ordered to pay restitution in the amount of $624,106 individually, plus $452,203 jointly and severally.

    B. <u>Intentional Fraud Under § 3304(b)(1)(A)</u>

The Government can also prevail by proving that a transfer was made "with actual intent to hinder, delay, or defraud a creditor." 28 U.S.C. § 3304(b)(1)(A). Because of the difficulty

6

of producing direct proof of fraud, circumstantial evidence can suffice to establish an intent to defraud. United States v. Sherrill, 626 F. Supp. 2d 1267, 1272 (M.D. Ga. 2009). In determining whether actual intent exists, relevant factors are whether: the transfer was to an insider; the debtor retained possession or control of the property transferred after the transfer; the transfer or obligation was disclosed or concealed; before the transfer was made, the debtor had been sued or threatened with suit; the transfer was of substantially all the debtor's assets; the debtor absconded; the debtor removed or concealed assets; the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; the transfer occurred shortly before or shortly after a substantial debt was incurred; and the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.  28 U.S.C § 3304(b)(2).

    1. *Fern Hill Property*

The Government's claim that the transfer of the Fern Hill property was made with intent to defraud has some circumstantial support in the record.  The transfer was to an insider for no consideration.  See 28 U.S..C §§ 3301(5),(7) (defining "insider"

to include "relative of the donor"); see also Moore, 156 F. Supp. 2d at 244 (transfer to wife was "clearly one to 'insider'"). In addition, the Government asserts that Mr. Federowicz failed to disclose the transfer to the court, which is troubling. However, the transfer of this property occurred long before the imposition of the restitution order at a time when the criminal investigation had yet to begin. And the evidence does not establish that at the time of the transfer Mr. Federowicz had no other substantial assets. Considering all the relevant factors, the transfer of the Fern Hill property might have been made with intent to defraud but that cannot be determined as a matter of law on the present record.

    *2. Dickman Road Property & Monies*

Because the transfers of the Dickman Road property and the related monies are deemed fraudulent for reasons discussed above, it is unnecessary to decide whether the transfers were made with actual intent to defraud.

IV. Conclusion

    Accordingly, the motion for summary judgment is hereby **granted in part and denied in part**. The motion is granted with regard to the transfers of Mr. Federowicz's interest in the Dickman Road property and the related monies ($12,000 and $40,200). The motion is denied with regard to the transfer of his interest in the Fern Hill property.

So ordered this 30th day of March 2015.

                                                /s/RNC
                                          Robert N. Chatigny
                              United States District Judge